IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**EUMELIA M. GONZALES,** as Personal Representative
of the Estate of **ROBERT J. GARCIA,** Deceased,

    Plaintiff,

Vs.                                                                                         Cause No. CIV-2008-

**SHANNON BRADY, in her individual capacity,
TROY BAKER, in his individual capacity
STATE OF NEW MEXICO DEPARTMENT OF
PUBLIC SAFETY,**
    Defendants.

## **COMPLAINT**

    **COMES NOW**, the Plaintiff, **EUMELIA M. GONZALES, as Personal Representative of the Estate of Robert J. Garcia, deceased**, by and through her counsel of record, **GARY C. MITCHELL, P.C.**, and states as follows:

### *INTRODUCTION*

    1.    Plaintiff brings this civil rights action for money damages against individual police officers and the State of New Mexico, Department of Public Safety, under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983. State law tort claims are brought as well based on the same allegations giving rise to the federal constitution claims raised herein. Plaintiff's claims for damages are based on the injuries inflicted upon her decedent, Robert J. Garcia, by New Mexico State Police officers. Plaintiff alleges that the individual defendants used excessive and unnecessary force in the shooting death of Robert J. Garcia in violation of his rights under federal and state law. Plaintiff further alleges that based on the doctrine of *respondeat superior,* Defendant State of New Mexico

Department of Public Safety is liable on Plaintiff's sate law battery claim and is also liable under state law on a claim of negligent training for Defendants' acts and omissions resulting in Robert J. Garcia's death.

## *JURISDICTION & VENUE*

2. Jurisdiction and venue are proper in federal court and in New Mexico pursuant to 42 U.S.C. §§ 1983 and 1988 and 28 U.S.C. § 1343.  All of the parties reside in New Mexico and the acts complained of occurred exclusively within New Mexico.

3. Plaintiff's pendent state law claims are based on New Mexico common law, the New Mexico Tort Claims Act, NMSA §§ 41-4-1 *et seq.* and Article II, Sections 4, 10 and 18 of the New Mexico Constitution.  Jurisdiction over Plaintiff's state law claims is proper pursuant to 28 U.S.C. § 1367.

## *PARTIES*

4. Plaintiff Eumelia M. Gonzales is the duly appointed personal representative of the Estate of Robert J. Garcia and at all times relevant is and was a citizen of the United States and a resident of Santa Fe County, New Mexico.

5. Defendant, State of New Mexico Department of Public Safety, is a body corporate and politic organized under the laws of the State of New Mexico and is a party for purposes of the claim and is responsible for the operation of the New Mexico Department of Public Safety Office and its law enforcement officers.

6. On information and belief, Defendant, Shannon Brady, is and was at all times material, a resident of Santa Fe County, New Mexico, and was a full-time, salaried, duly

certified law enforcement officer serving as an agent with the New Mexico Department of Public Safety. She is sued in her individual capacity.

7. On information and belief, Defendant, Troy Baker, is and was at all times material, a resident of Santa Fe County, New Mexico, and was a full-time, salaried, duly certified law enforcement officer serving as an agent with the New Mexico Department of Public Safety. He is sued in his individual capacity.

8. At all times material, Defendant Brady acted in the course and scope of her employment and under color of law.

9. At all times material, Defendant Baker acted in the course and scope of his employment and under color of law.

## *FACTUAL BACKGROUND*

10. On or about September 4, 2006, Decedent Robert J. Garcia was tased, shot and killed by Defendants, at his home on 213 Irvine Street, Santa Fe, New Mexico.

11. At the time of the shooting, Robert J. Garcia was allegedly engaged in self-injurious behavior, including but not limited to stabbing and/or attempting to stab himself with a small knife.

12. Defendants Brady and Baker responded to reports of a suicidal male at 213 Irvine Street, Santa Fe, New Mexico.

13. Upon arrival at the scene, Defendants Brady and Baker encountered Decedent Garcia who reportedly had a knife. Defendant Baker reportedly used less lethal force by deploying a Taser to subdue this subject who was reportedly agitated and intoxicated. During this encounter, Defendant Brady discharged her Glock .40 caliber handgun twice, striking

Decedent center mass. Decedent was then transported to St. Vincent's Hospital in Santa Fe, New Mexico, where he died from his injuries.

14. At the time of the tasing and shooting, Defendants failed to recognize and/or chose to ignore Robert J. Garcia's obviously agitated mental state and his need for assistance.

15. Rather than come to his aid, Defendants tased and shot Robert J. Garcia to death.

16. Prior to engaging in the use of unnecessary and excessive force upon Robert J. Garcia, Defendants had a duty to critically evaluate the facts on which they would rely to support their anticipated actions and to determine if such actions were objectively reasonable and in good faith under the totality of the circumstances.

17. Defendants failed to exercise their duty in these regards.

18. There was no probable cause or reasonable suspicion for Defendants to reasonably believe that Robert J. Garcia had committed any offense which required or authorized the Defendants to use force upon him.

19. No reasonably competent law enforcement officer, with knowledge of the totality of the circumstances as Defendants reasonably understood them to be, could reasonably have believed that Robert J. Garcia had committed any offense which required or authorized the use of force.

20. Defendants' acts and omissions were a direct and proximate cause of the harm to Robert J. Garcia.

21. Robert J. Garcia suffered injuries in the form of physical harm and pain and suffering before he died for which the Plaintiff, on behalf of the Estate of Robert J. Garcia, is entitled to recover compensatory damages against the Defendants, jointly and severally.

## COUNT I.
## FOURTH AMENDMENT CLAIM AGAINST DEFENDANTS BRADY AND BAKER
## (EXCESSIVE AND UNNECESSARY USE OF FORCE/UNLAWFUL SEIZURE)

22. Plaintiff realleges the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23. Robert J. Garcia had a Fourth Amendment right to be free of excessive and unnecessary use of force.

24. The force Defendants Brady and Baker used upon Robert J. Garcia was excessive and unnecessary under the circumstances.

25. No reasonably competent law enforcement officer could reasonably have believed under the circumstances that the force used by Defendants Brady and Baker were necessary or reasonable.

26. The excessive and unnecessary force used by Defendants Brady and Baker upon Robert J. Garcia was not justified or privileged under clearly established law.

27. The shooting death of Robert J. Garcia resulted from the application of unnecessary and excessive force upon him by Defendants Brady and Baker in violation of his Fourth Amendment right, guaranteed to him by the Fourteenth Amendment, to be free from unreasonable seizures.

## COUNT II
## STATE LAW TORT CLAIM AGAINST DEFENDANTS

28. Plaintiff realleges the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

29. Defendants' excessive and unnecessary use of force against Robert J. Garcia constituted battery under New Mexico common law, actionable under the New Mexico Tort

Claims Act.

30. Based on the actions of Defendants, Defendant State of New Mexico Department of Public Safety is liable under the doctrine of *respondeat superior* on Plaintiff's state law battery claim.

### COUNT III
### STATE LAW SUPERVISORY LIABILITY CLAIM AGAINST STATE OF NEW MEXICO DEPARTMENT OF PUBLIC SAFETY

31. Plaintiff realleges the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32. On information and belief, Defendants Brady and Baker's acts and omissions and the resulting harm to Robert J. Garcia alleged above directly and proximately resulted from the negligent training they received from Defendant State of New Mexico Department of Public Safety with regard to a law enforcement officer's duty to recognize persons exhibiting mental health problems and to render aid and assistance to such persons rather than to use unnecessary and excessive force upon them..

31. Defendant State of New Mexico Department of Public Safety is liable under New Mexico state law for its negligent training of Defendants Brady and Baker.

**WHEREFORE,** Plaintiff respectfully requests that this Court grant him the following relief:

A. Compensatory damages against Defendants, jointly and severally in an amount to be determined at trial;

B. Costs of suit, including the reasonable and necessary attorneys' fees and

litigation expenses incurred in the prosecution of this action.

      C.      Pre- and post-judgment interest as allowed by law; and

      D.      Such other relief as this Court deems appropriate.

A JURY TRIAL IS DEMANDED ON ALL COUNTS.

Respectfully submitted:

*/s/ Gary C. Mitchell*  
GARY C. MITCHELL  
P.O. Box 2460  
Ruidoso, New Mexico 88345  
(575) 257-3070