IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EUMELIA M. GONZALES, as Personal Representative
of the Estate of ROBERT J. GARCIA, Deceased,

    Plaintiff,

v.                                                                                                       No. CIV-2008-421 BB/DJS

SHANNON BRADY, in her individual capacity,
TROY BAKER, in his individual capacity, CITY
OF SANTA FE, a New Mexico Municipality, and
the SANTA FE POLICE DEPARTMENT,

    Defendants.

## DEFENDANTS' MOTION TO ENFORCE SETTLEMENT

**COME NOW** Defendants Officer Troy Baker, Officer Shannon Brady and the City of Santa Fe-Santa Fe Police Department, by and through their undersigned counsel, **FRENCH & ASSOCIATES, P.C.** (Robert W. Becker, appearing), and move this Court to enforce a settlement reached between the parties on July 29, 2009 at a Settlement Conference held by the Honorable Don J. Svet. Plaintiff opposes this motion for the reasons stated below. As grounds for their motion, Defendants state as follows:

1.       On July 2, 2009, the Honorable Don J. Svet entered an Order setting a Settlement Conference in this case for July 29, 2009 at 8:30 a.m. The order specified that prior to the conference, the parties and their counsel were to "meet and confer in a good faith effort to settle the action." The order also specified that the parties were each to submit a "brief, confidential letter outlining the strengths and weaknesses of their case and their position with regard to settlement." This letter was to be submitted to the Court no later than "ten days prior to the date of the

conference." Finally, the order required the "parties or the appropriate claims person ... to appear personally at the conference." (Doc. 46).

2. On July 20, 2009, undersigned counsel for the Defendants submitted a confidential position statement to Judge Svet's chambers via hand-delivery. See Confidential Settlement Conference Position Statement, minus attachments, attached as Exhibit A.

3. On July 28, 2009, St Paul Travelers claims representative Meredith Wheeler flew from San Antonio, Texas, where her office is located, to Albuquerque, for the purpose of attending the Settlement Conference on July 29. St. Paul Fire and Marine Insurance Company had issued the law enforcement liability insurance policy covering the claim involved in this lawsuit. Ms. Wheeler's trip to Albuquerque was in accordance with Magistrate Judge Svet's order that "parties or the appropriate claims persons ... appear personally at the conference." (emphasis added). Because Ms. Wheeler had to travel from out of town, she was required to stay in a hotel in downtown Albuquerque on the evening before the Settlement Conference. The costs associated with her trip and overnight stay were $ 545.22. See Affidavit of Meredith Wheeler attached as Exhibit B.

4. On the morning of July 29, 2009, Ms. Wheeler appeared with Assistant City Attorney Mark Allen and the undersigned counsel for the Defendants. Attorney Gary Mitchell appeared with the Plaintiff, who was accompanied to the conference by her brothers. Magistrate Judge Svet conducted the Settlement Conference in his chambers. He allowed each party to make a preliminary statement about their case. After the preliminary statements were given, he had Mr. Mitchell,

Plaintiff and her brothers remain in his chambers while Ms. Wheeler, Mr. Allen and the undersigned were brought to a separate room in the courthouse.

5. Magistrate Judge Svet took several demands and counter offers of settlement back and forth between the parties. After several hours, a settlement was reached, the terms of which were as follows:

> A. Officer Brady-Kmatz and Sgt. Baker were to be dismissed with prejudice by way of Stipulation of Dismissal with prejudice, to be filed first.
>
> B. With respect to the claims against the City of Santa Fe/Santa Fe Police Department, Plaintiff agreed to accept, and the City of Santa Fe and St. Paul/Travelers agreed to pay, the sum of $10,000.00 in full and final settlement of all claims brought or which could have been brought against the City of Santa Fe/Santa Fe Police Department. The $10,000.00 agreed upon amount was inclusive of all fees and costs. By payment of the settlement, there would be no admission of liability by the City of Santa Fe/Santa Fe Police Department.
>
> C. Plaintiff agreed to execute a release of claims reflecting the agreement as aforesaid. Upon execution of the release and payment of the $10,000.00 settlement proceeds, the claims against the City of Santa Fe/Santa Fe Police Department were to be dismissed by way of Stipulation of Dismissal With Prejudice, effectively ending the case.

6. In furtherance of the above terms, the undersigned drafted two Stipulations of Dismissal with Prejudice, one for the claims against Officer Brady-Kmatz and Sgt. Baker, and one for the claims against the City of Santa Fe/Santa Fe Police Department. The undersigned also drafted a proposed Release and forwarded the Stipulations and Release via email to Plaintiff's counsel, together with an IRS Form W-9, on July 30, 2009. See email correspondence with

attachments at Exhibit C. That same day, an entry was made by the Court on the docket that the case "was settled." (Doc. 47).

7. On August 13, 2009, Plaintiff's counsel returned an executed W-9 to the undersigned, who in turn, forwarded the W-9 to the insurance carrier, requesting a settlement check. See correspondence and W-9 attached hereto as Exhibit D.

8. The undersigned received a check payable to Plaintiff and her counsel from St. Paul Travelers on August 17, 2009. See check attached hereto as Exhibit E.

9. On September 16, 2009, the undersigned received a telephone call from attorney Sharon Hawk advising that Plaintiff had terminated her relationship with Mr. Mitchell and Lubbock, Texas attorney, Damon Richards. In this telephone conversation, Ms. Hawk advised that Plaintiff was now represented by her and attorney Samuel Winder, and that it was their position there was no settlement and that she wished the Defendants to either make a new counter offer of settlement or Plaintiff intended to go to trial. On September 18, 2009, attorney Samuel Winder called the undersigned and indicated that it was his position there was no settlement. See Affidavit of Robert W. Becker, attached hereto as Exhibit F.

10. Closing documents were due to the Court on September 25, 2009. (Doc. 48). It is now September 29, 2009. Plaintiff has not executed the proposed Release, her counsel has not agreed to the forms of the Stipulation of Dismissal and the undersigned retains possession of the settlement check.

Defendants now move the Court for an Order enforcing the settlement agreement and for sanctions. For the reasons that follow, the Court should grant the motion, both as to enforcement of the settlement and as to sanctions.

## ARGUMENT

I. **THE COURT SHOULD ENFORCE THE SETTLEMENT BETWEEN THE PARTIES BECAUSE IT WAS AN ARM'S LENGTH TRANSACTION REACHED THROUGH THE EFFORTS OF A THIRD PARTY INTERMEDIARY, I.E., THE MAGISTRATE JUDGE. BOTH PARTIES WERE ALSO REPRESENTED BY COUNSEL, WHO HAD FULL KNOWLEDGE OF THE FACTS AND CIRCUMSTANCES SURROUNDING THE LAWSUIT BEFORE THE SETTLEMENT CONFERENCE. MOREOVER, THE SETTLEMENT WAS REACHED IN THE ABSENCE OF FRAUD, DURESS, MISTAKE, BREACH OF FIDUCIARY DUTY OR OTHER SIMILAR EQUITABLE GROUNDS JUSTIFYING THAT THE SETTLEMENT BE INVALIDATED.**

"A trial court has the power to summarily enforce [a] settlement agreement entered into by the litigants while the litigation is pending before it." United States v. Hardage, 982 F.2d 1491, 1496 (10th Cir. 1993). "Issues involving the enforceability of a settlement agreement are resolved by applying state law." Rogler v. Standard Insurance Company, 2002 WL 307731 *2 (10th Cir. 2002), citing, United States v. McCall, 235 F.3d 1211, 1215 (10th Cir. 2000).

"The historical and current public policy of [New Mexico] is to favor the settlement of disputed claims." Gonzales v. Atnip, 102 N.M. 194, 195 (Ct. App. 1995). "This policy applies to the settlement of lawsuits." Gonzales, supra, citing, Jones v. United Minerals Corp., 93 N.M. 706 (1979); Bogle v. Potter, 68 N.M. 239 (1961); Esquibel v. Braun Construction Company, 85 N.M. 487 (Ct. App. 1973). Consequently, courts have a duty to enforce settlements of lawsuits. See, Board of Education v. New Mexico Department of Public Education, 128 N.M. 398 (Ct. App. 1998).

Settlements of lawsuits are treated in New Mexico as matters of contract. See, e.g., Marrujo v. Chavez, 77 N.M. 595, 599-600 (1967). A party seeking avoidance of a settlement, be it in writing or oral, has a heavy burden of persuasion. Gonzales v. Atnip, 103 N.M. at 195, citing, Marrujo, supra. Settlement agreements entered into by parties to a lawsuit will not be upset by a court "absent fraud, duress, mistake, breach of fiduciary duty, or other similar equitable grounds for invaliding an agreement." See, e.g., Herrera v. Herrera, 126 N.M. 705, 974 P.2d 675, 680 (Ct. App. 1999), citing, Ruggles v. Ruggles, 116 N.M. 52 (1993). Nor will settlement agreements be set aside merely because in light of subsequent events the settlement proves to be unwise or unfortunate. Environmental Control, Inc. v. City of Santa Fe, 131 N.M. 450, 456 (Ct. App. 2001), citing, In re Tocci, 45 N.M. 133, 142 (1941).

The settlement reached in this matter was an arm's length transaction facilitated by a Magistrate Judge between two parties represented by counsel. Both parties had an opportunity to make an unbridled statement of their case to the Magistrate Judge, who then placed the parties in separate rooms while negotiations ensued. The Settlement Conference occurred after the discovery period had expired, so both parties were fully aware of the facts of the case. See, Doc. 32, specifying completion of discovery by July 15, 2009. There was no opportunity; particularly in light of Magistrate Judge Svet's participation in the Settlement Conference and the fact the parties were in separate rooms while negotiations ensued, for Defendants to have engaged in fraud or to have coerced the Plaintiff into settling. Nor was there room for mistake given that Plaintiff was

represented by counsel and the discovery period had expired.[1]  At best, this seems to be a case of buyer's remorse, which is never sufficient to void a settlement.  <u>Environmental Control, Inc.</u>, supra.

Moreover, the settlement reached was not inherently unfair or unjust.  As Defendant's confidential position statement makes clear, it is doubtful that Plaintiff's case would survive a motion for summary judgment.  <u>See</u>, Exhibit A, citing, <u>Estate of Larsen by Sturdivan v. Murr</u>, 511 F.3d 1255 (10th Cir. 2008).  On the other hand, if Defendant's enforcement motion were to be denied, its efforts at good faith settlement would be for naught.  Defendants would also be reluctant to settle cases in the future due to the risk that Plaintiffs would be given free rein to back out of settlements at any time prior to trial.  This would create chaos for the Court by adversely affecting the Court's ability to manage its docket.  <u>Gonzales</u>, 102 N.M. at 198-99.  For these reasons, the Court should enforce the settlement.

## II. THE COURT SHOULD AWARD SANCTIONS TO DEFENDANTS FOR HAVING TO MOVE TO ENFORCE SETTLEMENT.

Rule 16 of the Federal Rules of Civil Procedure permits the Court to enter a pretrial order for the purpose of facilitating settlement.  Fed. R. Civ. P. 16(a)(5).  The Court did just that in this case by entering its July 2, 2009 order, requiring the parties to attend a Settlement Conference on July 29, 2009.  (Doc. 46).

Rule 16 also contemplates a court's ability to enter sanctions in order to ensure the parties comply with pretrial orders.  <u>See</u>, Fed. R. Civ. P. 16(f).  Here, there was a settlement reached, and

---

[1] There has been no allegation that Plaintiff's counsel breached his fiduciary duty to Plaintiff.  That would have been next to impossible, in any event, as Plaintiff participated in the settlement conference, herself.

7

an order was entered requiring the parties to supply closing documents to the Court by September 25, 2009. (Doc. 48). Plaintiff refuses to abide by the terms of settlement. Consequently, Defendants could not submit closing documents to the Court by the Court's deadline because Plaintiff refuses to execute settlement papers in any form or fashion. Exhibit F.

Defendants are, thus, entitled to sanctions under Rule 16. Defendants incurred expense in preparing for the settlement conference, in attending the settlement conference, in drafting documents reflecting the terms of the settlement, and in now drafting documents to enforce the settlement. Defendants seek fees and costs of 3,917.75 as a result. See, Exhibits B and F.

In order to ensure that Defendants can collect any fees and costs awarded as sanctions by the Court, Defendants request entry of an order allowing them to deposit the settlement amount in Court, minus the fees and costs awarded as sanctions. Otherwise, Plaintiff has an ability to collect the entire $10,000 settlement and avoid complying with any sanctions order. This would leave Defendants to their collection efforts. Such a situation would leave the Defendants with a hollow form of relief.[2]

## III.  CONCLUSION.

For the reasons stated, Defendants are entitled to an order enforcing settlement and for sanctions. The Court should also order that Defendants be permitted to pay the settlement amount into Court, less fees and costs awarded as sanctions.

---

[2] Plaintiff's conduct in reneging on settlement has deprived Defendants of the benefit of their bargain. Officer Brady Kmatz and Sgt. Baker were to be dismissed as parties, but are now tied to this settlement by virtue of this motion to enforce and their identification in this motion. It is therefore not unjust to award Defendants the full amount they seek as sanctions against Plaintiff for her bad faith conduct.

                **FRENCH & ASSOCIATES, P.C.**
                Electronically filed
By:   Robert W. Becker, Attorney
       ROBERT W. BECKER
       500 Marquette Avenue NW, Ste. 500
       Albuquerque, NM 87102
       (505) 843-7075 / (505) 243-3482 fax
       Attorneys for Defendants

**I HEREBY CERTIFY** that on the 29th day of September, 2009, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Gary C. Mitchell, Esq.
Law Office of Gary C. Mitchell, LLC
PO Box 2460
Ruidoso, NM  88355-2460

Damon C. Richards, Esq.
Fargason, Booth, St. Clair & Richards, LLP
4716 Fourth Street, Suite 200
Lubbock, TX  79416

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non- CM/ECF participants in the manner indicated

| | |
|---|---|
| Sharon Hawk, Esq. | Samuel L. Winder, Esq. |
| Hawk Law P.A. | Modrall, Sperling, Roehl Harris & Sisk, P.A. |
| 820 5th Street NW | PO Box 2168 |
| Albuquerque, NM  87102-2137 | Albuquerque, NM 87103-1889 |
| (505)503-7619 / (505)213-0345 fax | (505) 848-1873 / (505) 848-1889 fax |
| sharon@hawklawpa.com | swinder@modrall.com |

   /s/ Robert W. Becker
ROBERT W. BECKER

9